UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD C. THIEL,

        Plaintiff,

and

PAUL GEHL,

        Intervenor-Plaintiff,

  v.                                                                   Case No. 12-C-530

WILLIAM WRIDE,

        Defendant.

## ORDER GRANTING INTERVENTION

        Plaintiff Todd Thiel brought this action against William Wride for breach of contract and promissory estoppel. The claims are based on promises Wride allegedly made to Thiel during the course of a meeting in Appleton, Wisconsin concerning the distribution of assets from a failed investment. A third party, Paul Gehl, has now filed a motion to intervene, arguing that his own interests are not fully represented in this lawsuit. For the reasons given below, the motion will be granted.

        According to the complaint, Thiel and Wride created Capital Partners FZ-LLC with the purpose of investing in real estate in Dubai. Paul Gehl also invested $10 million in the company. In 2007 Capital Partners had a dispute with a Dubai company, which resulted in arbitration. In the same year, Thiel, Wride and Gehl met and signed an agreement governing how the proceeds of that

arbitration would be distributed. Capital Partners ultimately settled the arbitration, and in August 2010 the same three parties met in Appleton to discuss the distribution of Capital Partners' assets. The new agreement (if that's what it was) differed from the 2007 distribution agreement. Plaintiff Thiel alleges that under the new agreement, Capital Partners was required to reimburse his $365,000 personal investment out of the arbitration settlement proceeds and that Defendant Wride, who controlled the company's assets, failed to do so. The complaint thus alleges breach of contract and seeks relief under a promissory estoppel theory as well.

Proposed Intervenor Paul Gehl alleges that the 2007 distribution agreement, rather than the 2010 agreement, is controlling. In Gehl's view, the 2007 agreement was drafted by counsel and signed by all three parties, whereas the 2010 meeting produced only a page of handwritten notes. According to Gehl, under the 2007 agreement he is owed some $12 million. Thus, he alleges he has a direct stake in any judicial determination as to which agreement governs the distribution of the settlement proceeds.

**I. Analysis**

Under Fed. R. Civ. P. 24(a)(2), a party must be allowed to intervene in an action if he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Seventh Circuit has analyzed Rule 24(a)(2) under a four-factor test. A party has a right to intervene when: (1) the motion to intervene is timely filed; (2) the proposed intervenors possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and

(4) the named parties inadequately represent that interest. *Wisconsin Educ. Ass'n Council v. Walker,* 705 F.3d 640, 657-58 (7th Cir. 2013). Plaintiff Todd Thiel does not oppose the motion to intervene, but Defendant Wride does.

**1. Timeliness**

Wride argues that Gehl must have known about the issues he now raises long ago, and that allowing him to intervene at this late date would unduly delay this case and reopen discovery. But Gehl protests that he only realized his rights were not being represented in this lawsuit when he was deposed in February 2013. Although he might have known the lawsuit existed (it was removed to federal court in May 2012), he claims he did not understand that his rights were not perfectly aligned with the Plaintiff's until later.

Wride's argument demonstrates the possibility that Gehl knew that the 2007 agreement was not being followed as of 2010, when he attended the meetings with Wride and Thiel. But Wride cannot show that Gehl understood that his interests were not being protected in this lawsuit. The Seventh Circuit has made clear that this latter occurrence is what triggers the duty to act promptly: "we do not necessarily put potential intervenors on the clock at the moment the suit is filed or even at the time they learn of its existence. Rather, we determine timeliness from the time the potential intervenors learn that their interest might be impaired." *Reich v. ABC/York-Estes Corp.,* 64 F.3d 316, 321 (7th Cir. 1995). Here, although Gehl obviously must have had some inkling that his view of the parties' rights differed from the others' views earlier than February of this year, there is no indication that he understood the nature of this lawsuit or that his interest might be impaired.

This conclusion dovetails with my analysis of Gehl's interest in Section 2 below. In Wride's view, this is simply a dispute between Thiel and Wride over a $365,000 loan Thiel made

3

to the company. As such, it does not involve Gehl at all. This is possibly what Gehl himself thought upon learning of the lawsuit. But when the nature of the lawsuit is probed more deeply, it becomes clear that Gehl could be affected, particularly if a court issued rulings that set forth the contractual relationship of all three parties. It thus makes sense that Gehl did not seek to intervene until recently. In short, I am satisfied that there has been no showing of delay or neglect. And even if intervention sets this action back somewhat, Gehl has credibly asserted that his other alternative would be to simply file a separate lawsuit against Wride, which would produce a similar level of inconvenience to all parties.

**2. Gehl's Interest**

As just noted, Wride argues that this is simply a contract dispute between himself and Thiel over a $365,000 loan. Moreover, under Dubai bankruptcy law, the 2007 agreement is void, and in any event Gehl would not have a claim against Wride personally. He also argues that the 2007 agreement would require arbitration of any disputes. As such, he argues that Gehl does not have any interest in this lawsuit.

These arguments go to the merits of the dispute rather than the question of whether a party should be allowed to intervene, however. If a court heard Wride's arguments without hearing from Gehl, Gehl's ability to protect his own interest would be compromised. The question at this stage is not whether Gehl is right, it is whether he must be heard. It seems clear from the complaint and the filings thus far that a ruling on what *appears* to involve a narrow dispute between Thiel and Wride could have implications far beyond that dispute. In particular, if this Court accepts Wride's argument that terms were reached in 2010, that could undermine Gehl's argument that the previous agreement should control. And it is also clear that Thiel does not adequately represent Gehl's

4

interest. Thiel's argument, after all, is premised on enforcing the terms (as he sees them) of the 2010 agreement. It is only as a backup that he relies on the 2007 terms.

**II. Conclusion**

In short, the thrust of Wride's argument goes to the merits of any arguments Gehl might raise, not to the question of whether Gehl should be allowed to raise them in the first place. I am satisfied that the motion was timely filed and that Gehl has established an interest in this lawsuit that is not sufficiently protected. Accordingly, the motion will be **GRANTED**. The Clerk is directed to file Gehl's proposed complaint and the parties will have 20 days to respond. The matter should also be placed on the court's calendar for further scheduling. The parties may appear by telephone.

**SO ORDERED** this   25th   day of June, 2013.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach, Chief Judge
                                                 United States District Court