UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD THIEL,

        Plaintiff,

v.                                                Case No. 12-C-530

WILLIAM WRIDE,

        Defendant.

## ORDER ON EVIDENTIARY OBJECTION

At the trial in the above matter, plaintiff objected to the defendant's effort to introduce a letter marked as Exhibit 1000. The letter was a demand letter submitted by plaintiff's attorney to the defendant prior to the institution of litigation. Although the letter was considered and discussed by the Court in its May 26, 2015 decision addressing the motions of intervening plaintiff Paul Gehl and defendant's cross-motions for summary judgment, the Court did not rule on the evidentiary objection that plaintiff Thiel had raised at that time. Now, having considered more carefully the argument Thiel has made in support of his objection at trial, the Court concludes that the objection should be sustained.

As noted, the letter constitutes a settlement demand by counsel for Thiel to Wride early on in the case before litigation was instituted. The letter essentially states Thiel's assertion that the parties had entered into an agreement at their meeting in Appleton on August 18, 2010. In the course of that meeting, Thiel contends that Wride agreed to pay him $365,000 out of his share of the distribution proceeds in return for Thiel consenting to a three-way split of the proceeds between

Wride, Paul Gehl, and the law firm of Munsch Hardt. Although the letter is in general consistent with Thiel's testimony at trial, the parties apparently see differences in wording and inferences that can reasonably be drawn from the statements made in the letter. In any event, I now conclude that the settlement falls within the broad scope of Rule 408.

Rule 408 of the Federal Rules of Civil Procedure provides that conduct or statements made during compromise negotiations about a claim are not admissible to prove the validity or amount of the disputed claim. The purpose of the rule is to encourage settlement negotiations and discussions without fear that the statements made by counsel or an individual party will be used against them at trial. *Kritikos v Palmer Johnson, Inc.*, 821 F.2d 418, 423 (1987). The letter was written by counsel in an explicit attempt to advise the plaintiff of the nature of the claim in the hope that it could be resolved without resort to litigation. Defendant characterizes it as a demand letter, but that simply means that it was the first statement in an effort to resolve the claim. Rule 408 does not distinguish between offers of settlement and demand letters. Defendant's use of the letter appears to be directed to disprove the validity or amount of the disputed claim, and this is a prohibited use. Accordingly, the objection is sustained and the letter is not admitted.

This ruling does not change the May 26 ruling on summary judgment. Although the court referenced the letter in the course of its decision, it was not essential to that decision and in fact only provided further corroboration of what the undisputed evidence established. The letter will remain a part of the record, in the event further review is needed.

**SO ORDERED** this 25th day of November, 2015.

    s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court

2