UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD THIEL,

        Plaintiff,

PAUL GEHL,                                                  Case No. 12-C-530

        Intervenor-Plaintiff,

  v.

WILLIAM WRIDE,

        Defendant.

## DECISION AND ORDER

At the summary judgment stage of this action, this court concluded that William Wride, Paul Gehl and the Dallas law firm of Munsch Hardt had agreed, during a meeting at the Kansas City airport, to split $12 million in settlement proceeds three ways. Following a bench trial, I further concluded that William Wride had agreed to pay $365,000 to Todd Thiel, who was not present at that Kansas City meeting and who had not agreed to terms with the other parties. What remains in this action is Wride's claim that Paul Gehl, the intervening plaintiff in this action, has breached his agreement to obtain Thiel's assent to the Kansas City agreement. According to Wride, had Gehl lived up to his promise, this action never would have ensued. As a result, Wride lost the $365,000 he must pay Thiel, as well as other expenses and attorney's fees. For the reasons given below, Wride's motion for summary judgment will be denied.

The background facts have been set forth previously. (ECF Nos. 125, 154.) The operative

facts in this case are quite limited. At the Kansas City meeting, which occurred in June 2010, the parties wrote up and signed a handwritten agreement with the following points:

> 1. Division of 12mm 4 to Gehl 4 to Munch Hardt Harr 4 to Wride
>
> 2. Wride to settle with and pay [various creditors] and all closing costs . . .
>
> 3. Mutual full complete release including McKinley and Thiel
>
> 4. Gehl to Deliver Agreement of Thiel and McKinley Reserve

(ECF No. 85-4.)

Following this agreement, the parties circulated a more formal settlement agreement. In August, Wride and Gehl met with Thiel to try to obtain his signature. Thiel, however, was upset at being shut out of the agreement and believed he was entitled to a share of the proceeds, in particular, some $365,000 he had loaned to the business venture. Regardless of Thiel's lack of consent, however, the parties went ahead as though the agreement were binding on all of them, with Wride making payments to others out of the settlement funds. Thiel later brought this lawsuit against Wride, alleging that the two of them had reached a side agreement whereby Wride would pay Thiel the $365,000 as a full settlement of their dispute. As noted earlier, after a bench trial I concluded that Wride had breached that agreement.

Wride now alleges that Gehl breached his duty to "deliver agreement of Thiel," as the Kansas City agreement had provided (*Id.*) Had Gehl obtained Thiel's assent to the parties' agreement, Thiel never would have had the side dispute with Wride that gave rise to this lawsuit. In short, now that Thiel has won his $365,000 claim against Wride, Wride believes it is Gehl's obligation to cover that liability because Gehl failed to "deliver" Thiel's assent.

Wride's argument is as problematic as it is novel. The first problem is that an agreement

2

to obtain *another* person's agreement cannot be enforceable. Agreement, by its very nature, is a voluntary act. In some sense Gehl could "agree" to obtain Thiel's agreement, but at best that means Gehl would *try* to do so. Since Thiel's agreement would always have to be voluntary—his own choice— no one else could ever promise to "deliver" his agreement. It would always be up to Thiel. In fact, this is how the parties behaved. After the Kansas City meeting at which he was not present, Thiel met with Gehl and Wride in an effort to come to an agreement. If Gehl had somehow already made a binding promise to obtain Thiel's agreement, such meetings would have been unnecessary. In sum, to the extent Gehl agreed to deliver *Thiel's* agreement, such a promise could only have meant that he would assist Wride in attempting to secure Thiel's assent. There is no evidence he did not do that. Since both parties would have known that Thiel's agreement would always be up to *Thiel* himself, Gehl cannot be liable for the way things turned out.

Even if such an agreement were enforceable in the abstract, Wride ignores the fact that it was his own breach of contract that gave rise to the damages for which he is liable in this action. This court concluded, after a bench trial, that Wride had orally agreed to pay Thiel the $365,000 Thiel had been demanding. Wride reached (and breached) this agreement with Thiel *after* Gehl supposedly promised (and failed) to obtain Thiel's agreement to the Kansas City arrangement. Under Wride's logic, he could have promised any sum of money to Thiel and somehow Gehl would be on the hook for it simply because Gehl had promised to obtain Thiel's agreement to a different deal. It should be clear that the damages Wride is obligated to pay flow from his own conduct in entering into an agreement with Thiel and then breaching it, decisions *he* made following the Kansas City agreement. Nothing obligated Wride to enter into an agreement to pay $365,000 to Thiel, or any agreement at all. (Of course, he denied entering into any agreement.) The fact that

3

he did so means that he voluntarily agreed to pay Thiel, a decision that cannot somehow be placed at the doorstep of Gehl. In short, Wride's own actions gave rise to all of the damages he now seeks.

Wride also claims that Gehl somehow breached the third sentence of the Kansas City agreement, which simply states "mutual full complete release including McKinley and Thiel." (ECF No. 85-4.) In Wride's view, this breach occurred when Thiel filed this lawsuit against Wride. But it should be obvious that Thiel had never agreed to release Wride from anything, since Thiel was not a signatory to the release. This left Thiel free to sue Wride based on their agreement. It is unclear how or why Paul Gehl, who *did* sign agree to a release, could have breached that agreement by virtue of a non-party to that agreement's decision to bring a lawsuit. Instead, any promise Gehl made to obtain Thiel's consent to a release is just as illusory as his promise to get Thiel to agree with the rest of the contract.

For these reasons, Wride's motion for summary judgment is **DENIED**. Summary judgment is **GRANTED** in favor of Gehl, and Wride's claim against Gehl is **DISMISSED**. Plaintiff Todd Thiel is directed to submit a proposed judgment within the next ten days. Any objection by Defendant Wride shall be filed with ten days thereafter.

**SO ORDERED** this 11th day of July, 2016.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

4